# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAUL VIDAL,

       Plaintiff,

v.                                              No. 1:20-cv-00126-WJ-CG

CLASSIC JEWELERS,

       Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 12, 2020 ("Complaint") and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 12, 2020.

Plaintiff, who is proceeding *pro se*, purchased a ring in October 2019 from Valley Pawn Shop. *See* Complaint at 2. In November 2019 Plaintiff pawned the ring with Defendant and later paid Defendant to get the ring back. In December 2019 Plaintiff took the ring back to Valley Pawn Shop where an expert, after examining the ring, informed Plaintiff that this was not the same ring that Valley Pawn Shop sold to Plaintiff, and that not all the diamonds were real and some were broken or loose. Plaintiff seeks to recover his original ring from Defendant and compensation "for the violation of my civil rights as a citizen of the United States."

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

address the apparent lack of jurisdiction sua sponte") (quoting Tuck *v.* United Servs. Auto. Ass'n, 859 F.2d 842, 843 (10th Cir.1988).

The Court does not have jurisdiction over this matter. Both Plaintiff and Defendant are citizens of New Mexico. *See* Complaint at 1. Consequently, there is no properly alleged diversity jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("a party must show that complete diversity of citizenship exists between the adverse parties . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant"). Nor is there any properly alleged federal question jurisdiction because there are no allegations that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Court dismisses the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court denies Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs as moot.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 12, 2020, is **DENIED as moot.**

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**